UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Stanley Brzozowski,<br><br>    Plaintiff,<br><br>Piotr W. Zdrzalka; Violetta Zdrzalk (aka Violetta Pierzchawka; aka Violetta Pierzchawka)<br><br>    Defendants. | NO. 07 CV 6201<br><br>Honorable Matthew F. Kennelly<br><br>**DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. SECTION 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |

**MOTION TO DISMISS PURSUANT TO 12(b)(1) and 12(b)(6)**

NOW COME the Defendants, Piotr W. Zdrzalka; Violetta Zdrzalk (aka Violetta Pierzchawka; aka Violetta Pierzchawka), by and through their attorneys, Lewis Brisbois Bisgaard & Smith, and hereby move this Court to dismiss the instant action with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In further support thereof, Defendants state as follows.

I. **FACTUAL BACKGROUND**

Plaintiff Stanley Brzozowski has initiated this action against Defendants alleging that he was falsely arrested for aggravated assault and due to this false arrest over a hundred-thousand dollars worth of power tools, gun ammunition and guns were taken from him. (See Plaintiff's Complaint attached hereto as "Exhibit A"). Plaintiff's Complaint further alleges that the Plaintiff "lost everything" and is asking the court for $500,000 in damages. Plaintiff's Complaint, even when viewed in the light most favorable to Plaintiff, fails to state a claim upon which relief can be granted. Furthermore, Plaintiff's Complaint must be dismissed because this Court lacks

subject matter jurisdiction over the claim.

II.     **STANDARD OF REVIEW**

On a motion to dismiss under both Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim, the court should decide the 12(b)(1) issues first and proceed to the 12(b)(6) issues only if it finds jurisdiction. *Mason v. Bradley*, 789 F.Supp. 273, 275 (N.D.Ill.1992) (citing *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir.1987)). Courts have a duty to satisfy themselves that they have subject matter jurisdiction before proceeding to the merits of any case. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir.2001) (stating that a court has a duty to satisfy itself of its own jurisdiction). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

In ruling on defendants' motion to dismiss, plaintiff's pro se complaint will be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); accord *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir.2000). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Young v. Public Defender Office*, Not Reported in F.Supp.2d, 2007 WL 3037238 (C.D.Ill. October 16, 2007) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997)).

In this case, Plaintiff is not asserting a federal claim and Plaintiff cannot establish diversity. As such, this Court lacks subject matter jurisdiction and the case should be dismissed. Should Plaintiff establish subject matter jurisdiction, then this court should dismiss Plaintiff's action for failure to state a claim upon which relief can be granted.

### III. LEGAL ANALYSIS AND ARGUMENT

#### A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(b)(1).

Federal Rule of Civil Procedure, Rule 12, provides in pertinent part:

(b) Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleadings thereto, if one is required, except that the following defenses may, at the option of the pleader, be made by motion:
. . .
(1) lack of jurisdiction over the subject matter… Fed.R.Civ.P. 12(b)(1).

A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction over the claim. Fed.R.Civ.P. 12(b)(1). When reviewing a Rule 12(b)(1) motion, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). In deciding the motion, the Court may look beyond the complaint to other evidence submitted by the parties. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The burden of establishing federal jurisdiction is on the party asserting jurisdiction. *Id.* at 946.

This court also lacks jurisdiction over Plaintiff's Complaint at Law pursuant to 28 U.S.C.A. §1331. 28 U.S.C.A. §1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* Plaintiff's Complaint does not set forth a cause of action arising under Constitution, treaties or laws of the United States.

This court lacks jurisdiction over Plaintiff's Complaint at Law pursuant to 28 U.S.C.A. §1332. 28 U.S.C.A. §1332 (a) provides that the "district courts shall have original jurisdiction of

all civil actions where the matter in controversy **exceeds the sum or value of $75,000**, exclusive of interest and costs, **and is between--(1) citizens of different States**…" *Id*. (Emphasis supplied).  Plaintiff's claim **for $500,000.00** in damages exceeds the $75,000.00 minimum amount in controversy requirement for this Honorable Court to acquire jurisdiction.

Federal diversity jurisdiction requires that parties to an action be of diverse state citizenship; that is, no plaintiff may be a citizen of the same state as any defendant.  See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir.1989).  "Citizenship" for diversity purposes is determined by a party's domicile, *see Gilbert v. David*, 235 U.S. 561 (1915); *Pollution Controls Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir.1994), which means the state where a party is physically present with an intent to remain there indefinitely.  *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir.1993).

Complete diversity between the parties must be satisfied in order for federal jurisdiction to lie under 28 U.S.C.A. §1332.  In this case, complete diversity of citizenship is destroyed because this is an action brought by a State of Illinois citizen against two Defendants who are citizens of the State of Illinois.  Plaintiff's complaint gives his address as Winthrop Harbor, Illinois.  Additionally, both defendants are Illinois citizens.  Consequently, complete diversity of citizenship does not exist in this matter.  Accordingly, 28 U.S.C.A. §1332 compels the conclusion that Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

B. <u>PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANTS UPON WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6).</u>

Federal Rule of Civil Procedure, Rule 12 (b) (6) provides in pertinent part:

> (b) Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleadings thereto, if one is required, except that the following defenses may, at the option of the pleader, be made by motion:
> . . .
> (6) Failure to state a claim upon which relief can be granted. . .
> Fed.R.Civ.P. 12(b)(6).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the factual sufficiency. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675-76 (7thCir. 2001). The court must be decide whether the facts alleged, if true, would entitle the plaintiff or cross-complainant to some form of legal remedy. *Conley v. Gibson* 355 U.S. 41, 45-46 (1957).

The Court will only grant a Rule 12(b)(6) motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Mortgage, Inc.*, 398 F.3d 930, 933 (7thCir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Centers*, 398 F.3d at 333.

### a. Plaintiff's Complaint Does Not Contain a Short and Plain Statement of the Grounds on which Plaintiff is Entitled to Relief.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends…" *Id*. Rule 8 further requires "a short and plain statement of the claim showing that the pleader is entitled to relief…" *Id.* No such statement can be found in Plaintiff's Complaint.

In *Doe v. Smith*, 429 F.3d 706 (7th Cir. 2005), the court explained that Rule 8 of the Federal Rules of Civil Procedure:

> "departs from the old code-pleading practice by enabling plaintiffs to dispense with the need to identify, and plead specifically to, each ingredient of a sound

4831-3906-4834.1

5

legal theory. *See, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *McDonald v. Household International, Inc.*, 425 F.3d 424 (7th Cir.2005); *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir.1992). Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of." Doe, 429 F.3d at 708.

Similarly, in *McDonald v. Household International, Inc.*, 425 F.3d 424 (7th Cir.2005), the Seventh Circuit stated:

"Rule 8(a) requires only '(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ⋯ (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.' This is a notice pleading standard, not a fact pleading standard, as the Appendix of Forms following the Civil Rules illustrates. This court has repeatedly held that pleaders in a notice system do not have any obligation to plead legal theories. *See, e.g., Williams v. Seniff*, 342 F.3d 774, 792 (7th Cir.2003); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.2000); *La Porte County Republican Cent. Comm. v. Bd. of Comm'rs of County of La Porte*, 43 F.3d 1126, 1129 (7th Cir.1994)." *McDonald*, 425 F.3d at 427.

Finally, the Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) quoted *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), for the following proposition: "'When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. at 997.

In this case, Plaintiff's complaint is short. He states the damages he seeks. However, Plaintiff failed to plead a statement of the grounds upon which jurisdiction depends. Further, Defendants do not know what they have been accused of; rather, they only know that Plaintiff has stated in his Complaint "false-police report," "slandering of my name" and "loss wages" as potential allegations. Taking all of Plaintiff's alleged facts as true, Plaintiff has not given either of the Defendants fair notice of what the claims are or the grounds upon which they rest.

b. Plaintiff's Complaint Does Not Clearly Specify the Claims with which Each Particular Defendant is Charged

Rule 10(b) of the Federal Rules of Civil Procedure provides that

[a]ll averments of claim … shall be made in numbered paragraphs, **the contents of which shall be limited as far as practicable to a statement of a single set of circumstances**…**Each claim founded upon a separate transaction or occurrence…shall be stated in a separate count…**whenever a separation facilitates the clear presentation of the matters set forth. Fed.R.Civ.P. 10(b). (Emphasis supplied).

Rule 10 requires that the title of the complaint include the names of all of the parties and that "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count." *Jackson v. F.B.I.*, Slip Copy, 2007 WL 433143 (January 31, 2007) (citing Fed.R.Civ.P. 10(b), (c)). Failure to comply with the pleading requirements of the Federal Rules of Civil Procedure may result in dismissal of the complaint. *Id.*

In Plaintiff's Complaint, the defendants are referred to in the plural, with no distinction as to what claim is being made against which defendant. Plaintiff's Complaint clearly violates Rule 10(b). None of the paragraphs of the pleading specify which Defendant they are directed at. Further, it is unclear from the pleading whether each claim is founded on a single set of circumstances or whether each claim is founded upon a separate transaction or occurrence. Defendants are entitled to know what claims are being asserted against each defendant and the grounds upon which each claim is based. In this case, Defendant is unable to discern either making it impossible to respond. Therefore, Defendants submit that because Plaintiff's Complaint is so fatally defective, it must be dismissed.

IV. **CONCLUSION**

Plaintiff's Complaint must be dismissed on the grounds that this court lacks subject

matter jurisdiction as the Complaint fails to present a federal question and complete diversity of citizenship between the parties does not exist.  In addition, Plaintiff's Complaint fails to comply with the Federal Rules of Civil Procedure.

WHEREFORE, for all the reasons set forth herein above, Defendants move this Court for an order dismissing the Plaintiff's complaint with prejudice.

Dated: November 26, 2007.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH**


\_\_\_\_/s/ Danny L. Worker_____
By:  One of Its Attorneys


Danny L. Worker
James B. Tobin
Brooke M. Rotstein
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois  60661
ARDC No. 06195554
ARDC No. 06196844
ARDC No. 6282903